IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILHY HARPO,

                  Plaintiff,

      v.                             1:16-cv-3876-WSD

BURNICE A. HOWARD, et al.,

                  Defendants.

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff Wilhy Harpo's ("Plaintiff") Complaint [1.1] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.  BACKGROUND

This is the latest in a series of actions filed in this Court by Mr. Harpo in which he seeks relief from a dispossessory action brought against him by Broadstone Maple, LLC ("Broadstone") in the Magistrate Court of Fulton County, Georgia.  The Court has remanded each previous case for lack of subject matter jurisdiction.  See, e.g., Order, Broadstone Maple, LLC v. Alexander Corporate Accommodations, LLC, No. 1:16-cv-2774-WSD (N.D. Ga. August 2, 2016) (Doc. 4).  Because Plaintiff is a frequent filer of frivolous lawsuits, the Court has

previously ordered him "to disclose his full litigation history in any civil rights complaint and/or [IFP] affidavit that he files." See, e.g., Williams v. Harpo, No. 1:16-cv-12225-WSD (N.D. Ga. 2016) (ECF No. 2 at 2); Harpo v. City of Atlanta, No. 1:16-cv-1067-WSD (N.D. Ga. 2016) (ECF No. 2 at 1-2); Harpo v. City of Atlanta, No. 1:14-cv-2157-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2); Harpo v. Fulton Cty. Sheriff, No. 1:14-cv-2208-WSD (N.D. Ga. 2014) (ECF No. 2 at 1-2).  It appears Harpo has complied with that requirement in filing this action.

On October 17, 2016, Harpo filed his Complaint [3].  In it, Harpo again seeks to challenge a dispossessory action brought by Broadstone in the Magistrate Court of Fulton County, Georgia.  (See Compl. at Prayer for Relief).

Harpo also alleges that, on July 2, 2016, he was arrested by Deputy Burnice A. Howard at the Fulton County courthouse, and charged with willful obstruction of law enforcement officers by use of threats or violence, in violation of O.C.G.A. § 16-10-24(b), disorderly conduct, in violation of O.C.G.A. § 16-11-39, and criminal trespass, in violation of O.C.G.A. § 16-7-21.  (See Compl. at 22-26). Harpo included with his Complaint an affidavit by Howard.  In the affidavit, Howard states that Harpo was asked to leave the courthouse for being disorderly, that he refused multiple requests to leave, that he resisted arrest by fighting Howard, and continued resisting arrest after he was handcuffed.  (Id. at 26).  Harpo

2

alleges he sustained multiple injuries during the arrest, including facial lacerations and head contusions.  (Compl. ¶¶ 78).  He also claims poor treatment at the Fulton County Jail, including lack of access to legal research materials, medical care, clean and regularly laundered clothing, and cold drinking water.  (Id. ¶ 80).

Harpo seeks an emergency restraining order suspending the execution of a writ of possession on his property.  He also asserts over a dozen claims against Deputy Howard and nine other Fulton County Sheriff's Office deputies in their official and individual capacities.  These claims include violation of state and federal RICO laws, false arrest, false imprisonment, libel, slander, excessive force, terroristic threats, and "other claims."  (Compl. at Prayer for Relief).  He seeks $500,000 in punitive damages and $2,000,000 in damages from Deputy Howard. (Id.).

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc.,

3

366 F. App'x 49, 51 (11th Cir. 2010) (citing <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993) (quoting <u>Neitzke</u>, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B.    Analysis

1.    State-Court Dispossessory Action

Harpo again attempts to challenge a state-court dispossessory action.  The Court first notes that Harpo does not allege that any of the Defendants in this action have any connection to the state-court dispossessory action, and his claims regarding the dispossessory action are thus clearly baseless in this action.  To the extent he seeks to remove the state-court action, as explained in the Court's previous orders, the Court lacks subject matter jurisdiction over it.  The Court takes

judicial notice of Broadstone's complaint, which Harpo previously provided the Court in <u>Broadstone Maple v. Harpo</u>, No. 1:16-cv-1661.  The complaint shows that Broadstone asserts a dispossessory claim and does not allege federal law claims. That Harpo asserts defenses or counterclaims based on federal law cannot confer federal subject-matter jurisdiction over this action.  <u>See</u> <u>Beneficial Nat'l Bank</u> <u>v. Anderson</u>, 539 U.S. 1, 6 (2003); <u>Holmes Group, Inc. v. Vornado Air Circulation</u> <u>Sys., Inc.</u>, 535 U.S. 826, 830-32 (2002).  Removal is not proper based on federal question jurisdiction.[1]  The Court would also lack diversity action over any attempted removal, because Broadstone's complaint, which only seeks ejectment and past due rent and fees, does not establish that the amount-in-controversy

---

[1]     To the extent Defendant claims removal under 28 U.S.C. § 1443 based on the bias of state court judges, his allegations fall short of the specific language of racial equality that section 1443 demands.  <u>See</u> <u>Kopec v. Jenkins</u>, 357 F. App'x 213, 214 (11th Cir. 2009) (quoting <u>Georgia v. Rachel</u>, 384 U.S. 780, 792 (1966)); <u>see also</u> 28 U.S.C. § 1443 (providing exception to the well-pleaded complaint rule for removal of an action that is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States"); <u>Rachel</u>, 384 U.S. at 788 (Section 1443 requires defendant to show "both that the right upon which they rely is a 'right under any law providing for . . . equal civil rights,' and that they are 'denied or cannot enforce' that right in the courts of Georgia."); <u>Novastar Mortg., Inc.</u> <u>v. Bennett</u>, 173 F. Supp. 2d 1358, 1362 (N.D. Ga. Nov. 5, 2001) ("There is no cognizable claim for a civil rights violation presented in this case . . . [because] [t]here is no reference in any pleading to 'any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.'").  Jurisdiction is not proper based on 28 U.S.C. § 1443.

exceeds $75,000.  <u>See</u> <u>Novastar Mortg. Inc. v. Bennett</u>, 173 F. Supp. 2d 1358, 1361 (N.D. Ga. 2001), <u>aff'd</u>, 35 F. App'x 585 (11th Cir. 2002) (a court must look to the complaint to determine the amount-in-controversy, and a claim seeking ejectment cannot be reduced to a monetary sum for purposes of determining amount-in-controversy); <u>Fed. Home Loan Mortg. Corp. v. Williams</u>, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").

To the extent the dispossessory action has been completed and Plaintiff seeks to have the Court find that the proceeding was wrongful and overturn a writ of possession issued by a state court, the Court lacks jurisdiction under the <u>Rooker-Feldman</u> doctrine to do so.  <u>Doe v. Fla. Bar</u>, 630 F.3d 1336, 1341 (11th Cir. 2011) (Federal district courts "generally lack jurisdiction to review a final state court decision.") (citing <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983) & <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923)).[2]

---

[2]    Because the dispossessory action is wholly unrelated to Harpo's claims against Defendants in this action, the Court also could not exercise supplemental

Accordingly, Harpo's claims with respect to his state-court dispossessory action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

    2.    Claims Against Defendants

It appears Harpo attempts to assert a cause of action under 42 U.S.C. § 1983 against certain Defendants.  To state a claim under 42 U.S.C. § 1983, a plaintiff must plead that she was (1) deprived of a right (2) secured by the Constitution or laws of the United States, and (3) that the alleged deprivation was committed by a person under color of state law.  See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999); Rayburn v. Hogue, 241 F.3d 1341, 1348 (11th Cir. 2001).  Harpo's Complaint, however, contains over 100 paragraphs which include irrelevant, rambling, and oftentimes incoherent allegations.  He also asserts, in one paragraph, over a dozen claims against unspecified Defendants.  These are the typical hallmarks of a shotgun pleading.  A shotgun pleading is defined by "the failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading."  Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  Shotgun pleadings also are often characterized by factually unsupported claims and frequently fail to specify which defendant is responsible

---

jurisdiction over the dispossessory action claims, because they do not form part of the same case or controversy.  Seeu 28 U.S.C. § 1367(a).

for each act alleged.  Id. at 372 ("The failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading constitutes a shotgun pleading").  With a shotgun pleading it is virtually impossible to know which allegations of fact are intended to support which claims for relief.  Id.; Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996).

Accordingly, Harpo is required, on or before 5:00 p.m. on February 15, 2017, to file an amended complaint clearly setting forth (1) each claim he seeks to assert; (2) the facts supporting each claim; and (3) the Defendant(s) against whom he asserts each claim.  Because the Court does not have jurisdiction over his claims regarding his state-court dispossessory action, the amended complaint shall not contain any allegations or claims with respect to that action.  The amended complaint must otherwise comport with the requirements of the Federal Rules of Civil Procedure, including that each paragraph must be limited, as far as practicable, to a single set of circumstances, and, to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.  See Fed. R. Civ. P. 10(b).  The Court cautions Harpo that failure to comply with this Order will result in dismissal of this action under Local Rule 41.3(A)(2), NDGa.  No further opportunities to amend will be allowed.

### III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Wilhy Harpo's claims with respect to his state-court dispossessory action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Harpo shall, on or before 5:00 p.m. on February 15, 2017, file an amended complaint clearly setting forth (1) each claim he seeks to assert; (2) the facts supporting each claim; and (3) the Defendant(s) against whom he asserts each claim.  Because the Court does not have jurisdiction over his claims regarding his state-court dispossessory action, the amended complaint shall not contain any allegations or claims with respect to that action. The amended complaint must otherwise comport with the requirements of the Federal Rules of Civil Procedure, including that each paragraph must be limited, as far as practicable, to a single set of circumstances, and, to promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count.  See Fed. R. Civ. P. 10(b).  The Court cautions Harpo that failure to comply with this Order will result in dismissal of this action under Local Rule 41.3(A)(2), NDGa.  No further opportunities to amend will be allowed.

**SO ORDERED** this 3rd day of February, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE